The opinion of the Court, by
Hornblowejs, C. J.
Two exceptions are taken to the assessment in this case: Eirst, That the state, county and township taxes are all blended together in one assessment, and upon inspecting the return, this appears to be so. The assessment is in the same form, as in the case of The State v. Falkinburg, 3 Green R. 320, and upon the authority of that case, it must be quashed and set aside. But;
Secondly, It is objected, that the Camden and Amboy Rail Road Company, are exempted by their charter from taxation for state, county and township purposes. And,
This exception too, is fully sustained, upon the principles unanimously adopted by this court in The State v. Berry et al. 2 Harr. R. 80. In that case, the liability of The Paterson and Hudson River Rail Road Company, to taxation for township and county purposes, was drawn in question; and as the exempting clause, in the charter of that company, is precisely, (with the exception of one or two immaterial words,) in the same language with that used in the charter of this company, the decision must be the same as in that case. In the charter of the Paterson and Hudson River Rail Road Company, Harr. Comp. 326, see. 18, the words are : “ and that no further or other tax or impost, shall be levied or assessed, upon said company.” In the charter of the Camden and Amboy Rail Road Company, Harr. Comp. 292, sec. 23, the language is: “ and that no other tax or impost, shall be levied or assessed upon the said company.” It is true, the considerations upon which the legislature have granted these exemptions, are different in the two cases. In the former, the company are required to pay to the Treasurer of the State, a yearly “tax” of a certain per oent. “upon their capital stock paid in,” and in the latter case, the company are to pay to the Treasurer of the State, quarterly, ten cents for each passenger and fifteen cents for each ton of merchandise transported upon the road. But this difference can have no possible influence that I can perceive, in giving a construction to the exemption clauses in the two statutes. The question was very ably argued, and *13 the liability of the Paterson and Hudson River Rail Road Company to taxation in the case cited from 2 Harr. II. 80, was pressed upon the court with great ingenuity, by the counsel who argued in support of the lax: but after full advisement we were, as the report shows, all of opinion that the company were not liable to taxation in that manner. One idea however, not suggested on that argument, so far as I now recollect, was thrown out, and indeed earnestly urged upon our attention, by the counsel for the defendants in this case, that struck me at first as somewhat plausible, it was this; that inasmuch as the consideration for the exemption, or rather the sums to be paid, as a commutation for ordinary taxes, were all to be paid into the State Treasury: that therefore the legislature could only have intended, an exemption from State taxes: that such a limitation would satisfy the general language of the exempting clause: and that the court ought not, by mere construction, to extend its operation so far, as to deprive the townships and counties through which the road runs, or in which the company had taxable property, from raising by taxes, the revenues necessary for defraying their municipal expenses, and for which they had no other resources: though compelled by law to maintain their peculiar and local governments. But there are two satisfactory answers to this suggestion. In the first place, such a limited or qualified exemption from “taxes” and “imposts,” would not satisfy the broad and comprehensive language of the act. It does not say no other state tax: but, “no other tax or impost shall be levied &c.” And secondly, the argument assumes the position, that state taxes are essentially different from county and township taxes, and that they are assessed and collected under different authorities. This is not so. The same law that directs certain sums of money to be assessed and collected for slate purposes, authorizes and requires moneys to be assessed and collected for township and county purposes. All taxes, are in fact, state taxes: they are raised under (he authority of the state, and are all applied to state purposes: namely, to the support of government in all its departments ; to the payment of its officers and agents, the erection and maintenance of public buildings, roads and bridges, and the support of the poor. They are not different taxes; but they are taxes, levied by *14 the same authority, though distributed into different channels for the sake of public convenience.
Upon the whole, 1 see no reason to doubt the correctness of the decision, as reported in 2 Harr. R. 80, and no ground upon which to distinguish this case from that. The assessment must therefore be quashed.

Assessment quashed.

Cited in State v. Branin, 3 Zab. 499; State v. Commr’s of Mansfield, 3 Zab. 512; State v. Bentley, 3 Zab. 537; State v. Flavell, 4 Zab. 379; State v. Powers, 4 Zab. 402; State v. Cook, 3 Vr. 340; State v. Hancock, 6 Vr. 544.